# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| EDDIE JOE BAILEY | CIVIL ACTION NO. 04-2122-P |
| VERSUS | JUDGE WALTER |
| WARDEN TIMOTHY WILKINSON | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Eddie Joe Bailey, pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on October 14, 2004. Petitioner is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court conviction. He names Warden Timothy Wilkinson as respondent.

On November 16, 2001, Petitioner was convicted of one count of manslaughter in Louisiana's Twenty-Sixth Judicial District Court, Parish of Webster. Subsequently, he was sentenced to thirty years imprisonment.

In support of this petition, Petitioner alleges his guilty plea is invalid.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period[1] runs from the latest of four possible dates, as follows:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

On November 16, 2001, Petitioner was convicted of one count of manslaughter in Louisiana's Twenty-Sixth Judicial District Court, Parish of Webster. Subsequently, he was sentenced to thirty years imprisonment. It does not appear Petitioner sought direct review of his conviction and sentence. Therefore, Petitioner's one-year period commenced 30 days after November 16, 2001, or on December 16, 2001, when the limitation period for seeking direct review of his conviction and sentence expired. See La. C.Cr.P. art. 914.

The federal petition currently before the Court was filed on October 14, 2004. Because the federal clock began ticking on December 16, 2001, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before December 16, 2002. This petition was not filed until October 2004 at the earliest, more than one year too late.

It appears that Petitioner's state application for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote

1. Petitioner's one year federal limitation period began on December 16, 2001 and continued until he filed his state post conviction relief application in the trial court on May 21, 2002, encompassing approximately 156 days of the limitations period. From that point, the limitations period was tolled until January 30, 2004, when the Supreme Court of Louisiana denied relief. State ex rel. Bailey v. State, 865 So.2d 67, 2003-0120 (La. 1/30/04). Petitioner then had approximately 209 days remaining in the one year limitation period to file his federal petition. Petitioner did not file his petition in this Court until October 14, 2004, approximately 258 days later. Thus, the time in which the limitations period was running exceeded 365 days, and Petitioner's federal habeas claim is time-barred.[2]

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

---

[2] This Court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief. *Even if* this Court gave Petitioner the benefit of the doubt and applied the appellate provisions to his application for post-conviction relief, his petition would still be untimely.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 30th day of March, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE